UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

**Index No.**

KEITH SLOANE and other similar situated insureds and medical providers,

**SUMMONS**

**Date Purchased**:

Plaintiff,

-Against-

NCSPLUS INCORPORATED,

The basis of the venue designated is Plaintiff's Residence: Mastic, NY 11950

Plaintiff designates SUFFOLK COUNTY as the place of trial.

Defendant.

To the above-named defendant:

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: July 3, 2020

By: Gregory Goodman, Esq.

Defendant's Address:
NCSPLUS INCORPORATED
117 East 24th Street, Fifth Floor
NY, New York 10010

**The Law Office of Gregory A. Goodman, P.C.**
Attorneys for the Plaintiff
**380 North Broadway, Suite 203**
**Jericho, New York 11753**
Tel: (516) 597-5840
Tel: (631) 656-8180
Fax: (866) 415-1019
**File No.: D-1268 (Sloane)**

UNITED STATES DISTRICT COURT EASTERN **Index No.**
DISTRICT OF NEW YORK

KEITH SLOANE and other similar situated insureds and
medical providers,

          **VERIFIED COMPLAINT**

       Plaintiff,

    -Against-

NCSPLUS INCORPORATED,

       Defendant.

_____

    Plaintiff, by their attorney, THE LAW OFFICE GREGORY A. GOODMAN, P.C., as and

for a cause of action, complaining of defendant herein, respectfully shows to this Court and alleges

upon information and belief as follows:

<u>**INTRODUCTION**</u>

    1.   This action arises out of multiple violations of the Fair Debt Collection Practices

Act, 15 U.S.C.A. §§ 1692 et seq. (FDCPA), (hereafter the "FDCPA") and New York State GBL §

349, based on Defendant's illegal communications, deceptive acts and practices that occurred

when Defendant sought reimbursement and then threatened to file a lawsuit for an alleged medical

debt that was time barred pursuant to New York State CPLR § 213-D and prohibited by New York

State Financial Services Law §§ 606 (a) and (b).

    2.   This action also arises out of Defendants' violations of both the Federal and New

York State Fair Credit Reporting Act (FCRA) to wit: 15 U.S.C.A. §§ 1681 *et seq*. and N.Y. Gen.

Bus. Law § 380 *et seq*. or the Fair Credit Reporting Act (NYFCRA) for listing false, inaccurate

and misleading information in Plaintiff's credit report causing a negative credit reporting history

and to decrease plaintiff's credit score and then negligently and willfully failing to remove to said information once being informed of the false, inaccurate and misleading information.

3.    The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

4.    New York State GBL § 349 prohibits deceptive acts or practices.

5.    The FCRA is intended to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

6.    The NYFCRA likewise requires that consumer reporting agency maintain reasonable procedure designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  N.Y. Gen. Bus. Law § 380-j(e) and prohibits consumer reporting agencies from reporting or maintaining a file on a consumer which it has reason to know is inaccurate. N.Y. Gen. Bus. Law § 380-j.

7.    The FCRA and NYFCRA contain substantially similar provisions and are generally interpreted in tandem. Ali v. Vikar Mgmt., Ltd., 994 F. Supp. 442, 498 (S.D.N.Y. 1998).

8.    Plaintiff seeks temporary and permanent injunctive relief, statutory damages, actual damages, and punitive damages, together with reasonable attorney's fees pursuant to Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 et seq. (FDCPA), (hereafter the "FDCPA"), New York State GBL § 349, 15 U.S. Code § 1681n, 15 U.S. Code §1681o, and N.Y. Gen. Bus. Law § 380-m.

## JURISDICTION AND VENUE

9.    This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C.A. § 1692k(d).

10.     Venue lies properly in this district pursuant to 28 U.S.C.A. § 1391 and the acts and transactions occurred in SUFFOLK County and the State of New York.

11.     Venue lies properly in this district pursuant to 28 U.S.C.A. § 1391 and the acts and transactions occurred in SUFFOLK County and the State of New York Plaintiff resides in SUFFOLK County and the State of New York and Defendants and their agents transact business in SUFFOLK County and the State of New York.

12.     This court has jurisdiction over this case because the Plaintiff's claims arise under the Fair Credit Reporting Act (FCRA), codified as N.Y. Gen. Bus. Law § 380-n and pursuant to CPLR § 301.

13.     The Court has jurisdiction over this matter pursuant to 28 USC $ 1331, as well as 15 USC § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. g 1367(a).

14.     This case is brought within two year of the violations in compliance with the statute of limitations at N.Y. Gen. Bus. Law § 380-n.

15.     Venue lies properly in this district pursuant to N.Y. Gen. Bus. Law § 380-n and the acts and transactions occurred in SUFFOLK County and the State of New York and Plaintiff resides in the State of New York, SUFFOLK County. Venue is proper in this judicial district pursuant to 23 U.S.C. § 1391(b)(2).

## PARTIES

16.     Plaintiff, KEITH SLOANE, is an adult over the age of 18, residing in Mastic, NY, 11950. SUFFOLK, County, State of New York.

17.    Plaintiff, KEITH SLOANE, is a natural person who resides in Mastic, NY, 11950. SUFFOLK, County, State of New York and is a consumer as that term is defined by 15 U.S.C.A. § 1692a(3).

18.    Defendant NCSPLUS INCORPORATED is a business entity and collection agency regularly engaged in the business of collecting debts in this State of New York, with its principal place of business located at 117 East 24th Street, Fifth Floor, New York, NY, 10010.

19.    The principal purpose of Defendant is the collection of debts utilizing transmittal through mail, emails, telephonic communications, and other means.

20.    Defendant regularly attempts to collect debts as a third-party debt collector on behalf of other healthcare providers, financial, credit and consumer corporations and entities.

21.    Defendant transacts business throughout the State of New York and SUFFOLK county.

22.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) of the FDCPA.

24.    Defendant was and is also a collection agency as defined by New York State and Federal Law.

25.    Upon information and belief, Defendant was attempting to collect a medical debt for alleged services rendered in 2014 by PREMIER SURGICAL/ MATHER HOSPITAL to Plaintiff.

26.    Defendant is engaged in the collection of debts from New York State consumers using the mail, Internet, and the telephone, among other means.

27.    At all times relevant to the subject matter of this Complaint, Defendant was engaged in commerce in the State of New York.

28.    Defendants regularly attempt to collect medical debts alleged to be due to another.

## CLASS ALLEGATIONS

29.    Plaintiff brings these claims for relief as a Class Action pursuant to Article 9 of the CPLR, on behalf of all similarly situated individuals in the State of New York.

30.    This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated individuals, and debtors in the State of New York.  All said persons, including the Named Plaintiff, are at times also referred to herein as the "Class."

31.    The proposed Class is so numerous that joinder of all members is impracticable.

32.    That similarly situated matters are subject to this class and could possibly join this lawsuit is class certification is permitted.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are thousands of other debtors wherein Defendant is seeking to collect or has already collected medical debt that is prohibited by law from this class on matters it was prohibited from collecting and members of the purported Class who were defrauded and affected by Defendant's scheme set forth herein during the relevant time period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

33.    There are questions of law and fact common to the Class which predominates over any questions affecting only individual members of the Class which have been articulated herein and above.

34.    The claims of the Named Plaintiff are typical of the claims of the Class.

35.    The Named Plaintiff and the other members of the Class were all subject to Defendants' policies and willful practices.

36.     The Named Plaintiff and the other members of the Class thus have sustained similar injuries because of the Defendants' actions.

37.     The Named Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.     The Named Plaintiff and other members of the Class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTUAL ALLEGATIONS

40.     Defendant reported to several collection agencies, attempted to collect a debt and threatened to file a lawsuit for an alleged medical debt from Plaintiff that was primarily for personal, family or household purposes and is therefore a debt as that term is defined by 15 U.S.C.A. § 1692a(5).

41.     The debt in this matter is a medical debt alleged to be owed by PREMIER SURGICAL/ MATHER HOSPITAL for services that were rendered to Plaintiff in 2014.

42.     In 2014, Plaintiff had an emergency surgery for appendicitis and underwent a diagnostic laparoscopy and laparoscopic procedure.  At the time, Plaintiff had full medical insurance coverage.  Upon information and belief, a surgeon, who was an out of network physician performed the surgery.

43.     That Plaintiff never consented to this out of network physician.

44.     That PREMIER SURGICAL/ MATHER HOSPITAL submitted a bill for services rendered to Plaintiff's major medical insurance carrier.

45.    That Plaintiff's major medical insurance carrier disclaimed coverage based on an allegation that the services were performed by an out of network healthcare provider.

46.    Upon information and belief and at some point, unknown to Plaintiff, the alleged medical debt from PREMIER SURGICAL/ MATHER HOSPITAL was consigned, placed, or otherwise transferred to Defendants for collection from this Plaintiff.

47.    That prior to the year of 2020, PREMIER SURGICAL/ MATHER HOSPITAL and defendant did not submit any invoices to Plaintiff for payment for alleged services rendered in the year 2014.

48.    That on or about April 2020, the New York State Legislature passed a bill and the Governor signed into law New York State CPLR § 213-D, which holds that an action on a medical debt by a hospital licensed under article twenty-eight of the public health law or a health care professional authorized under title eight of the education law shall be commenced within three years of treatment.

49.    On or about 05/2020, Defendant commenced to seek reimbursement of this alleged medical debt from Defendant.

50.    On or about 05/2020, Defendant filed a collection notice with certain collection agencies regarding a medical debt from PREMIER SURGICAL/ MATHER HOSPITAL for alleged services that were rendered in 2014 in the amount of $97,728.00.

51.    On or about 05/13/2020, Plaintiff obtained a credit report of his credit and for the first time noticed a negative collection reporting entry by NCSPLUS INCORPORATED for $97,728.00.

52.    This was Plaintiff's first notice of this alleged debt.

53.     As a result of this negative credit entry, Plaintiff was unable to purchase any commercial or residential business properties.

54.     That prior to this notice, Plaintiff had no knowledge of this alleged medical debt owed.

55.     That pursuant to New York State CPLR § 213-D, an action on a medical debt by a hospital licensed under article twenty-eight of the public health law or a health care professional authorized under title eight of the education law shall be commenced within three years of treatment.

56.     That pursuant to New York State Financial Services Law § 606 (a) (often referred to as the "Medical Surprise Bill") when an insured assigns benefits for a surprise bill in writing to a non-participating physician that knows the insured is insured under a health care plan, the non-participating physician shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician.

57.     That pursuant to New York State Financial Services Law § 606 (b) when an insured assigns benefits for emergency services, including inpatient services which follow an emergency room visit, to a non-participating physician or hospital that knows the insured is insured under a health care plan, the non-participating physician or hospital shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician or hospital.

58.     On or about 05/13/2020, Plaintiff contacted and spoke with Defendant to inquiry into the alleged collection entry filed by Defendant.

59.    That Defendant informed Plaintiff that they were seeking to collect a medical debt from PREMIER SURGICAL/ MATHER HOSPITAL for alleged services rendered in 2014 in the amount of $97,728.00.

60.    That Defendant informed Plaintiff that they needed to provide payment as soon as possible and that if Plaintiff failed to pay, Defendant would forward the medical debt to their attorneys and a lawsuit would be commenced against Plaintiff.

61.    That pursuant to 15 U.S. Code § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62.    15 U.S. Code § 1692e, states that  it shall be construed a violation of  section 15 U.S. Code § 1692e if there is threat to take any action that cannot legally be taken or that is not intended to be taken.

63.    That pursuant to 15 U.S. Code § 1692e (2)(a), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including the false representation of the character, amount, or legal status of any debt.

64.    That pursuant to 15 U.S. Code § 1692e (8), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

65.    That Defendant was time barred and prohibited from collecting this debt from Plaintiff for a service rendered in 2014. Notwithstanding the fact that this medical debt was time barred, in violation of 15 U.S. Code § 1692e, Defendant threatened to take legal action against Plaintiff on a time-barred medical debt pursuant to NYS CPLR § 213-D.

66.    Defendant was also prohibited from collecting this medical debt from Plaintiff in violation of 15 U.S. Code § 1692, since New York State Financial Services Law § 606 (a) states that when an insured assigns benefits for a surprise bill in writing to a non-participating physician that knows the insured is insured under a health care plan, the non-participating physician shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician.

67.    Defendant was also prohibited from collecting this medical debt from Plaintiff in violation of 15 U.S. Code § 1692, since New York State Financial Services Law § 606 (b) states that that when an insured assigns benefits for emergency services, including inpatient services which follow an emergency room visit, to a non-participating physician or hospital that knows the insured is insured under a health care plan, the non-participating physician or hospital shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician or hospital.

68.    That pursuant to 15 U.S. Code § 1692g (a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of

the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69.    On or about 05/18/2020, Plaintiff, through its legal representatives, requested the validity of the debt in accordance with 15 U.S. Code § 1692g and disputed the debt.

70.    More than 30 days passed and as of the date of this Complaint, Defendant failed to respond to Plaintiff's request pursuant to 15 U.S. Code § 1692g.

71.    All the above-described collection actions and communications made to Plaintiff by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C.A. §§ 1692.

72.    During these calls, NCSPLUS INCORPORATED threatened to file a lawsuit against Plaintiff and falsely raised the specter of potential legal action, in violation of the FDCPA.

73.    Defendant, NCSPLUS INCORPORATED was prohibited from filing a lawsuit since the medical debt was time barred.

74.    Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

75.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

76.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
### (Fair Debt Collection Practices Act)

77.     Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

78.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a of the FDCPA.

79.     Defendant violated multiple provisions of the FDCPA.

80.     That pursuant to New York State Financial Services Law § 606 (a) (often referred to as the "Medical Surprise Bill") when an insured assigns benefits for a surprise bill in writing to a non-participating physician that knows the insured is insured under a health care plan, the non-participating physician shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician.

81.     That pursuant to New York State Financial Services Law § 606 (b) when an insured assigns benefits for emergency services, including inpatient services which follow an emergency room visit, to a non-participating physician or hospital that knows the insured is insured under a health care plan, the non-participating physician or hospital shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician or hospital.

82.     That pursuant to New York State CPLR § 213-D, an action on a medical debt by a hospital licensed under article twenty-eight of the public health law or a health care professional

authorized under title eight of the education law shall be commenced within three years of treatment.

83.     That on or about 05/2020, a collection entry from NCSPLUS INCORPORATED appeared on Plaintiff's credit report seeking collection of an alleged services that were rendered in 2014 in the amount of $97,728.00.

84.     On or about 05/11/2020, Plaintiff contacted and spoke with Defendant to inquiry into the alleged collection entry filed by Defendant.

85.     That Defendant informed Plaintiff that they were seeking to collect a medical debt from PREMIER SURGICAL/ MATHER HOSPITAL for alleged services rendered in 2014 in the amount of $97,728.00.

86.     That Defendant informed Plaintiff that they needed to provide payment as soon as possible and if they failed to pay, Defendant threatened Plaintiff that they would forward the medical debt to their attorneys and a lawsuit would be commenced against Plaintiff.

87.     That pursuant to 15 U.S. Code § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88.     15 U.S. Code § 1692e, states that  it shall be construed a violation of  section 15 U.S. Code § 1692e if there is threat to take any action that cannot legally be taken or that is not intended to be taken.

89.     That pursuant to 15 U.S. Code § 1692e (2)(a), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including the false representation of the character, amount, or legal status of any debt.

90.     That pursuant to 15 U.S. Code § 1692e (8), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt

including communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

91.    Defendant was time barred and prohibited from collecting this debt from Plaintiff. In this case, the alleged medical debt was from 2014. Notwithstanding the fact that this medical debt was time barred, in violation of 15 U.S. Code § 1692e, Defendant threatened to take legal action against Plaintiff on a time-barred medical debt since NYS CPLR § 213-D states that in an action on a medical debt by a hospital licensed under article twenty-eight of the public health law or a health care professional authorized under title eight of the education law shall be commenced within three years of treatment.

92.    Defendant was prohibited from collecting this medical debt from Plaintiff in violation of 15 U.S. Code § 1692, since this collection of this medical debt is prohibited by New York State Financial Services Law § 606 (a) which states that when an insured assigns benefits for a surprise bill in writing to a non-participating physician that knows the insured is insured under a health care plan, the non-participating physician shall not bill the insured except for any applicable copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician.

93.    Defendant was prohibited from collecting this medical debt from Plaintiff in violation of 15 U.S. Code § 1692, since this collection of this medical debt is prohibited by New York State Financial Services Law § 606 (b) which states that that when an insured assigns benefits for emergency services, including inpatient services which follow an emergency room visit, to a non-participating physician or hospital that knows the insured is insured under a health care plan, the non-participating physician or hospital shall not bill the insured except for any applicable

copayment, coinsurance or deductible that would be owed if the insured utilized a participating physician or hospital.

94.    That pursuant to 15 U.S. Code § 1692g (a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the following:

> (6)    the amount of the debt;
>
> (7)    the name of the creditor to whom the debt is owed;
>
> (8)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (9)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (10)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

95.    On or about 05/18/2020, Plaintiff, through its legal representatives, requested the validity of the debt in accordance with 15 U.S. Code § 1692g and disputed the debt.

96.    More than 30 days passed and as of the date of this Complaint, Defendant failed to respond to Plaintiff's request pursuant to 15 U.S. Code § 1692g.

97.    All of the above-described collection actions and communications made to Plaintiff by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C.A. §§ 1692.

98.    During these calls, NCSPLUS INCORPORATED threatened to file a lawsuit against Plaintiff.

99.    Thus, NCSPLUS INCORPORATED falsely raised the specter of potential legal action, in violation of the FDCPA.

100.    Defendant, NCSPLUS INCORPORATED was prohibited from filing a lawsuit since the medical debt was time barred and that Defendant.

101.    Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

102.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

103.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

104.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## SECOND CAUSE OF ACTION
## (VIOLATION OF New York State GBL § 349)

105.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

106.    Defendant, and its agents, servants and/or employees, are prohibited from engaging in deceptive acts and practices pursuant to GBL § 349 of the State of New York.

107.    GBL § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in the State of New York and make such acts and practices unlawful.

108.    Defendant sought the collection of a medical debt that was prohibited from collecting since the medical debt is time barred, was a medical surprise bill and was for alleged emergency services.

109.    Defendant's conduct was deceptive and designed to deceive Plaintiff and threaten Plaintiff in an attempt to collect a debt it was not authorized to under the law.

110.    Defendant, through its agents, servants and/or employees, has engaged deceptive acts and practices in violation of GBL § 349 of New York by its deceptive practices in its attempts to collect medical debt wherein it was barred by the statute of limitations, the services were medical surprise bills and for emergency services.  Defendant has no legitimate or legal basis to engage in these types of tactics and business practices and as such, their actions were an act of bad faith in violation to GBL § 349.

111.    The aforesaid actions have not only caused injury to Plaintiff but have and still have the potential to harm the public at large, including other consumer debt defendants and their patients, which maintain valid insurance policies.

112.    Defendant has engaged in these types of actions with other consumer debt defendants and insureds and this is a pattern of behavior that affects the public at large, affects patients and insureds, which purchase valid major medical coverage.

113.    Defendant's actions are outrageous, are in direct contradiction to New York State and Federal laws governing the collection of debt and medical debt.

114.    As a result of the aforesaid violations of GBL § 349 of the State of New York, Plaintiff has been damaged in an amount no less than $5,000.00 per each claim, plus appropriate interest.

115.    As a further result of the violations of GBL § 349 of the State of New York, Plaintiff is entitled to attorney's fees.

116.    Further, due to the willful and wanton nature of Defendant's conduct and the need to deter same to prevent public harm and injury, Plaintiff demands punitive damages in the amount of $1,000,000.00.

<u>**THIRD CAUSE OF ACTION**</u>
<u>**(Fair Credit Reporting Act)**</u>

117.    Plaintiff repeats, reiterates and realleges the allegations set forth in the prior paragraphs, as if fully set forth at length herein.

118.    This action arises out of Defendants' violations of both the Federal and New York State Fair Credit Reporting Act (FCRA) to wit: 15 U.S.C.A. §§ 1681 *et seq*. and N.Y. Gen. Bus. Law § 380 *et seq*. or the Fair Credit Reporting Act (NYFCRA) for listing false, inaccurate and misleading information in Plaintiff's credit report causing a negative credit reporting history and to decrease plaintiff's credit score and then negligently and willfully failing to remove to said information once being informed of the false, inaccurate and misleading information.

119.    This is an action for declaratory judgment, permanent injunctive relief, actual damages, punitive damages together with reasonable attorney's fees pursuant to 15 U.S. Code § 1681n, 15 U.S. Code §1681o, and N.Y. Gen. Bus. Law § 380-m.

120.    The FCRA and NYFCRA contain substantially similar provisions and are generally interpreted in tandem. Ali v. Vikar Mgmt., Ltd., 994 F. Supp. 442, 498 (S.D.N.Y. 1998).

121.    The FCRA is intended to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

122.    The FCRA requires that consumer reporting agency follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report related." 15 U.S.C. § 1681e(b).

123.    The NYFCRA likewise requires that consumer reporting agency maintain reasonable procedure designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  N.Y. Gen. Bus. Law § 380-j(e).

124.    The NYFCRA prohibits consumer reporting agencies from reporting or maintaining a file on a consumer which it has reason to know is inaccurate. N.Y. Gen. Bus. Law § 380-j.

125.    As relevant to this matter, the NYFCRA requires that every consumer or reporting agency shall maintain reasonable procedures designed to avoid violations of sections N.Y. Gen. Bus. Law § 380-b and N.Y. Gen. Bus. Law § 380-j.  N.Y. General Business Law § 380-k.

126.    NYFCRA requires that every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section three hundred eighty-b of this article. N.Y. Gen. Bus. Law § 380-k.

127.    In this case, Defendants falsely reported to credit agencies false, inaccurate and misleading information in Plaintiff's credit report causing a negative credit reporting history and

to decrease plaintiff's credit score and then negligently and willfully failing to remove to said information once being informed of the false, inaccurate and misleading information. Defendant intentional reported this medical debt in violation of the FCRA and NYFCRA even though it knew it was an illegal debt since it was time barred pursuant to New York State CPLR § 213-D and prohibited by New York State Financial Services Law §§ 606 (a) and (b).

128.    As a result, Plaintiff sustained actual damages and is also entitled to punitive damages, attorney's fees costs and disbursements.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment in the sum of $1,500,000.00 be entered against Defendant as follows:

1.    That Plaintiff be granted class certification status pursuant to Article 9 of the CPLR, on behalf of all similarly situated individuals, debtors, and its assignees in the State of New York.

2.    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.    That judgment be entered against Defendant for violating GBL § 349 of the State of New York in an amount no less than $5,000.00 per each claim, plus appropriate interest.

6.   That as a further result of the violations of GBL § 349 of the State of New York, Plaintiff is entitled to attorney's fees.

7.   That due to the willful and wanton nature of Defendant's conduct and the need to deter same to prevent public harm and injury, Plaintiff demands punitive damages in the amount of $1,000,000.00.

8.   That the Court grant such other and further relief as may be just and proper.


Dated: July 3, 2020
Jericho, New York

By:  Gregory Goodman, Esq.
**The Law Office of Gregory A. Goodman, P.C.**
Attorneys for the Plaintiff
**380 North Broadway, Suite 203**
**Jericho, New York 11753**
Tel:  (516) 597-5840
Tel:  (631) 656-8180
Fax: (866) 415-1019
**File No.: D-1268 (Sloane)**

UNITED   STATES   DISTRICT   COURT   EASTERN   **Index No.**
DISTRICT OF NEW YORK _____

KEITH SLOANE and other similar situated insureds and
medical providers,

Plaintiff,                          **VERIFICATION**

-Against-

NCSPLUS INCORPORATED,

Defendant.

_____

STATE OF NEW YORK)
COUNTY OF NASSAU)        ss.

I, **KEITH SLOANE,** being duly sworn, states that I am one of the plaintiffs in the above-
captioned matter and action and that the foregoing complaint is true to the best of my own
knowledge, except as to matters therein stated to be alleged on information and belief and as to
those matters I believe is it to be true.

Dated: July 3, 2020
        Jericho, New York

_____
                                    **KEITH SLOANE**

Sworn to before me on 7/3/2020

_____
        NOTARY PUBLIC

Gregory Goodman
Notary Public, State of New York No. 02GO6095305-
Qualified in Suffolk County--Commission Expires July 7, 2023

File No.: D-1268 (Sloane)

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW     **Index No.**
YORK

KEITH SLOANE and other similar situated insureds and medical providers,

Plaintiff,

-Against-

NCSPLUS INCORPORATED,

Defendant.

PURSUANT TO SECTION 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE WITHIN SUMMONS AND VERIFIED COMPLAINT ARE NOT FRIVOLOUS

_____

By: GREGORY A. GOODMAN, ESQ.

Notice Pursuant to CPLR 2103(5) declining service by electronic transmittal

**SUMMONS AND COMPLAINT**

**The Law Office of Gregory A. Goodman, P.C.**
Attorneys for the Plaintiff
**380 North Broadway, Suite 203**
**Jericho, New York 11753**
Tel:  (631) 656-8180
Tel:  (516) 597-5840
Fax: (866) 415-1019
**File No.: D-1268 (Sloane)**

To:

Attorney for defendant

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:

_____
Attorney for Defendant